**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**
_____

**KIMBERLY HAYWARD, JUSTIN PARKER,**
**DIANE PEACH, ABOUYEA THORNTON,**
**JESSICA WHITT, and SARAH YOHN**,

**Plaintiffs,**

**vs.**

**CATHOLIC HEALTH SYSTEMS,**
**MERCY HOSPITAL OF BUFFALO,**
**METZ CULINARY MANAGEMENT, INC.,**
**LISA ROBERT, and BILTON LANDS,**

**Defendants.**

_____

**ANSWER**

**Civil Action No. 1:21-cv-01033- LVJ**

Defendants, Catholic Health System, Inc. ("Catholic Health") and Mercy Hospital of Buffalo ("Mercy") (collectively "Defendants"), by and through their attorneys, Bond, Schoeneck & King, PLLC, submit the following as and for their Answer to the Amended Complaint of Plaintiffs, Kimberly Hayward, Justin Parker, Diane Peach, Abouyea Thornton, Jessica Whitt, and Sarah Yohn (collectively, "Plaintiffs"):

1.      Deny the allegations in Paragraph 1.

2.      Deny the allegations in Paragraph 2.

3.      Deny the allegations in Paragraph 3.

4.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 4.

5.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 5.

6.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 6.

7.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 7.

8.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 8.

9.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9.

10.     Admit the allegations in Paragraph 10.

11.     Admit the allegations in Paragraph 11.

12.     In response to Paragraph 12, admit that Mercy is a hospital affiliated with Catholic Health.

13.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 13.

14.     Deny the allegations in Paragraph 14.

15.     Deny the allegations in Paragraph 15.

16.     Deny the allegations in Paragraph 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 17.

18.     Admit the allegations in Paragraph 18.

19.     Deny the allegations in Paragraph 19.

20.     Deny the allegations in Paragraph 20.

13231933.2 10/26/2021

21.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 21.

22.     Admit the allegations in Paragraph 22.

23.     Deny the allegations in Paragraph 23.

24.     Deny the allegations in Paragraph 24.

25.     Admit that Plaintiffs Hayward and Peach are Environmental Services ("EVS") workers employed by Mercy and otherwise deny the allegations in Paragraph 25.

26.     Admit that Plaintiffs Hayward and Peach reported to individuals employed by Metz Culinary Management, Inc. ("Metz") during their EVS shifts and otherwise deny the allegations in Paragraph 26.

27.     Admit the allegations in Paragraph 27.

28.     Admit the allegations in Paragraph 28.

29.     Admit that Plaintiffs Thornton and Yohn are former EVS workers at Mercy and otherwise deny the allegations in Paragraph 29.

30.     Admit that Plaintiff Whitt is a former EVS worker at Mercy and otherwise deny the allegations in Paragraph 30.

31.     Admit that Plaintiff Whitt reported to individuals employed by Metz during her EVS shifts and otherwise deny the allegations in Paragraph 31.

32.     Admit that Plaintiff Whitt is currently employed by Mercy in a non-EVS role and otherwise deny the allegations in Paragraph 32.

33.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 34.

35.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 35.

36.     Deny the allegations in Paragraph 36.

37.     Admit the allegations in Paragraph 37.

38.     Admit upon information and belief that Plaintiffs Hayward, Peach, Thornton, and Parker are Black and state that the remaining allegations in Paragraph 38 state a legal conclusion to which no response is required.

39.     State that the allegations in Paragraph 39 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 39.

40.     State that the allegations in Paragraph 40 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 40.

41.     Deny the allegations in Paragraph 41.

42.     Deny the allegations in Paragraph 42.

43.     State that the allegations in Paragraph 43 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 43.

44.     Deny the allegations in Paragraph 44.

45.     Deny the allegations in Paragraph 45.

46.     Deny the allegations in Paragraph 46.

47.     Deny the allegations in Paragraph 47.

48.     Deny the allegations in Paragraph 48.

49.     Deny the allegations in Paragraph 49.

50.     Admit that Metz is engaged to manage the EVS Department and provide supervision to EVS workers at Mercy, some of whom are or were employed by Mercy and some of whom are or were employed by Metz.

51.     Admit that Metz is engaged to manage the EVS Department and provide supervision to EVS workers at Mercy, some of whom are or were employed by Mercy and some of whom are or were employed by Metz.

52.     Admit that Metz is engaged to manage the EVS Department and provide supervision to EVS workers at Mercy, some of whom are or were employed by Mercy and some of whom are or were employed by Metz.

53.     Admits that Metz works with Mercy human resources in connection with discipline of Mercy EVS workers.

54.     Admits that Metz works with Mercy human resources in connection with discipline of Mercy EVS workers.

55.     Deny the allegations in Paragraph 55.

56.     Admit that Plaintiffs Hayward, Parker, Peach, Thornton, and Whitt filed complaints with the New York State Division of Human Rights (SDHR) and U.S. Equal Employment Opportunity Commission ("EEOC") and state that the remaining allegations in Paragraph 57 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the remaining allegations in Paragraph 56.

57.     Admit that Plaintiff Thornton filed a charge with the EEOC and state that the remaining allegations in Paragraph 57 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the remaining allegations in Paragraph 57.

58.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 58.

59.     Deny the allegations in Paragraph 59.

60.     Deny the allegations in Paragraph 60.

61.     Deny the allegations in Paragraph 61.

      A.  Deny the allegations in Paragraph 61(A).

      B.  Deny the allegations in Paragraph 61(B).

      C.  Deny the allegations in Paragraph 61(C).

      D.  Deny the allegations in Paragraph 61(D).

62.     Deny the allegations in Paragraph 62.

63.     Deny the allegations in Paragraph 63.

64.     Deny the allegations in Paragraph 64.

65.     Deny the allegations in Paragraph 65.

66.     Deny the allegations in Paragraph 66.

67.     Deny the allegations in Paragraph 67.

68.     Deny the allegations in Paragraph 68.

69.     Deny the allegations in Paragraph 69.

70.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 70.

71.     Deny the allegations in Paragraph 71.

13231933.2 10/26/2021

72.     Deny the allegations in Paragraph 72.

73.     Deny the allegations in Paragraph 73.

74.     Deny the allegations in Paragraph 74.

75.     Deny the allegations in Paragraph 75.

76.     Deny the allegations in Paragraph 76.

77.     Deny the allegations in Paragraph 77.

78.     Deny the allegations in Paragraph 78.

79.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 79.

80.     Deny the allegations in Paragraph 80.

81.     Deny the allegations in Paragraph 81.

82.     Deny the allegations in Paragraph 82.

83.     Deny the allegations in Paragraph 83.

84.     Deny the allegations in Paragraph 84.

85.     Deny the allegations in Paragraph 85.

86.     Deny the allegations in Paragraph 86.

87.     Deny the allegations in Paragraph 87.

88.     Deny the allegations in Paragraph 88.

89.     Deny the allegations in Paragraph 89.

90.     Deny the allegations in Paragraph 90.

91.     Deny the allegations in Paragraph 91.

92.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 92.

13231933.2 10/26/2021

93.     Deny the allegations in Paragraph 93.

94.     Deny the allegations in Paragraph 94.

95.     Deny the allegations in Paragraph 95.

96.     Deny the allegations in Paragraph 96.

97.     Admit the allegations in Paragraph 97.

98.     Admit upon information and belief the allegations in Paragraph 98.

99.     Deny the allegations in Paragraph 99.

100.    Deny the allegations in Paragraph 100.

101.    Deny the allegations in Paragraph 101.

102.    Deny the allegations in Paragraph 102.

103.    Deny the allegations in Paragraph 103.

104.    Deny the allegations in Paragraph 104.

105.    Deny the allegations in Paragraph 105.

106.    Deny the allegations in Paragraph 106.

107.    Deny the allegations in Paragraph 107.

108.    Deny the allegations in Paragraph 108.

109.    Deny the allegations in Paragraph 109.

110.    Admit upon information and belief the allegations in Paragraph 110.

111.    Deny the allegations in Paragraph 111.

112.    Deny the allegations in Paragraph 112.

113.    Deny the allegations in Paragraph 113.

114.    Deny the allegations in Paragraph 114.

115.    Deny the allegations in Paragraph 115.

116.    Deny the allegations in Paragraph 116.

117.    Deny the allegations in Paragraph 117.

118.    Deny the allegations in Paragraph 118.

119.    Deny the allegations in Paragraph 119.

120.    Deny the allegations in Paragraph 120.

121.    Deny the allegations in Paragraph 121.

122.    Deny the allegations in Paragraph 122.

123.    Deny the allegations in Paragraph 123.

124.    Deny the allegations in Paragraph 124.

125.    Deny the allegations in Paragraph 125.

126.    Deny the allegations in Paragraph 126.

127.    Admit that Plaintiff Yohn was absent from work beginning on March 1, 2021 and that she requested leave under the Family and Medical Leave Act of 1993 ("FMLA) to cover her absences and deny the remaining allegations in Paragraph 127.

128.    Admit the allegations in Paragraph 128.

129.    State that Paragraph 129 states a legal conclusion to which no response is required. To the extent a response is deemed required, admit the allegations in Paragraph 129, upon information and belief.

130.    State that Paragraph 130 states a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 130.

131.    State that Paragraph 131 states a legal conclusion to which no response is required. To the extent a response is deemed required, admit the allegations in Paragraph 131.

132.    Deny the allegations in Paragraph 132.

9

133.    Deny the allegations in Paragraph 133.

134.    Deny the allegations in Paragraph 134.

135.    Deny the allegations in Paragraph 135.

136.    Deny the allegations in Paragraph 136.

137.    Deny the allegations in Paragraph 137.

138.    Deny the allegations in Paragraph 138.

139.    Deny the allegations in Paragraph 139.

140.    Deny the allegations in Paragraph 140.

141.    Deny the allegations in Paragraph 141.

142.    Deny the allegations in Paragraph 142.

143.    Deny the allegations in Paragraph 143.

144.    Deny the allegations in Paragraph 144.

145.    Deny the allegations in Paragraph 145.

146.    Respond to the repeated and realleged allegations in Paragraph 146 as set forth above.

147.    State that Paragraph 146 states a legal conclusion to which no response is required. To the extent a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 147.

       A.  State that Paragraph 147(A) states a legal conclusion to which no response is required. To the extent a response is deemed required, refer to the statues and documents referenced in Paragraph 147(A) for their content and legal effect and otherwise deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 147(A).

10

B.  State that Paragraph 147(B) states a legal conclusion to which no response is required. To the extent a response is deemed required, refer to the statutes and documents referenced in Paragraph 147(B) for their content and legal effect and otherwise deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 147(B).

C.  State that Paragraph 147(C) states a legal conclusion to which no response is required. To the extent a response is deemed required, refer to the statutes and documents referenced in Paragraph 147(C) for their content and legal effect and otherwise deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 147(C).

D.  State that Paragraph 147(D) states a legal conclusion to which no response is required. To the extent a response is deemed required, refer to the statutes and documents referenced in Paragraph 147(D) for their content and legal effect and otherwise deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 147(D).

E.  State that Paragraph 147(E) states a legal conclusion to which no response is required. To the extent a response is deemed required, refer to the statues and documents referenced in Paragraph 147(E) for their content and legal effect and otherwise deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 147(E).

F.  State that Paragraph 147(F) states a legal conclusion to which no response is required. To the extent a response is deemed required, admits that Plaintiff

Yohn purports to assert a claim under the FMLA and refers to the FMLA for its content and legal requirements.

G. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 147(G).

148. Respond to the repeated and realleged allegations in Paragraph 148 as set forth above.

149. Deny the allegations in Paragraph 149.

150. Deny the allegations in Paragraph 150.

151. State that the allegations in Paragraph 151 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 151.

152. Deny the allegations in Paragraph 152.

153. Deny the allegations in Paragraph 153.

154. Deny the allegations in Paragraph 154.

155. Deny the allegations in Paragraph 155.

156. Deny the allegations in Paragraph 156.

157. Deny the allegations in Paragraph 157.

158. Deny the allegations in Paragraph 158.

159. Deny the allegations in Paragraph 159.

160. Deny the allegations in Paragraph 160.

161. Deny the allegations in Paragraph 161.

162. Deny the allegations in Paragraph 162.

163. Deny the allegations in Paragraph 163.

164.    Deny the allegations in Paragraph 164.

165.    Deny the allegations in Paragraph 165.

166.    Deny the allegations in Paragraph 166.

167.    Deny the allegations in Paragraph 167.

168.    Deny the allegations in Paragraph 168.

169.    Respond to the repeated and realleged allegations in Paragraph 169 as set forth above.

170.    State that the allegations in Paragraph 170 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 170.

171.    Deny the allegations in Paragraph 171.

172.    Deny the allegations in Paragraph 172.

173.    Deny the allegations in Paragraph 173.

174.    Deny the allegations in Paragraph 174.

175.    Deny the allegations in Paragraph 175.

176.    Respond to the repeated and realleged allegations in Paragraph 176 as set forth above.

177.    Deny the allegations in Paragraph 177.

178.    Deny the allegations in Paragraph 178.

179.    Deny the allegations in Paragraph 179.

180.    Deny the allegations in Paragraph 180.

181.    Deny the allegations in Paragraph 181.

182.    Deny the allegations in Paragraph 182.

183.     Respond to the repeated and realleged allegations in Paragraph 183 as set forth above.

184.     Deny the allegations in Paragraph 184.

185.     Deny the allegations in Paragraph 185.

186.     Deny the allegations in Paragraph 186.

187.     Deny the allegations in Paragraph 187.

188.     Deny the allegations in Paragraph 188.

189.     Deny the allegations in Paragraph 189.

190.     Respond to the repeated and realleged allegations in Paragraph 190 as set forth above.

191.     State that the allegations in Paragraph 191 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 191.

192.     State that the allegations in Paragraph 192 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 192.

193.     State that the allegations in Paragraph 193 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 193.

194.     State that the allegations in Paragraph 194 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 194.

13231933.2 10/26/2021

195.     State that the allegations in Paragraph 195 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 195.

196.     State that the allegations in Paragraph 196 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 196.

197.     State that the allegations in Paragraph 192 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 197.

198.     State that the allegations in Paragraph 198 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 198.

199.     State that the allegations in Paragraph 199 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 199.

200.     State that the allegations in Paragraph 200 state a legal conclusion to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 200.

201.     Deny the allegations in Paragraph 201.

202.     Deny the allegations in Paragraph 202.

203.     Deny the allegations in Paragraph 203.

204.     Deny the allegations in Paragraph 204.

205.     Deny the allegations in Paragraph 205.

13231933.2 10/26/2021

206.    Deny the allegations in Paragraph 206.

207.    Deny the allegations in Paragraph 207.

208.    Deny the allegations in Paragraph 208.

209.    Deny the allegations in Paragraph 209.

210.    Deny the allegations in Paragraph 210.

211.    Deny the allegations in Paragraph 211.

212.    Deny the allegations in Paragraph 212.

213.    Deny the allegations in Paragraph 213.

214.    Deny the allegations in Paragraph 214.

215.    Respond to the repeated and realleged allegations in Paragraph 215 as set forth above.

216.    Deny the allegations in Paragraph 216.

217.    State that Paragraph 217 states a legal conclusion to which no response is required. To the extent a response is deemed required, refer to the FMLA for its content and legal requirements.

218.    Deny the allegations in Paragraph 218.

219.    Deny the allegations in Paragraph 219.

220.    Deny the allegations in Paragraph 220.

221.    Deny the allegations in Paragraph 221.

222.    Deny the allegations in Paragraph 222.

223.    Respond to the repeated and realleged allegations in Paragraph 223 as set forth above.

224.   Admit that Plaintiff Yohn was absent from work beginning on March 1, 2021 and that she requested leave under the FMLA to cover her absences but failed to provide necessary information despite follow up by her employer and deny the remaining allegations in Paragraph 224.

225.   Deny the allegations in Paragraph 225.

226.   Deny the allegations in Paragraph 226.

227.   Deny the allegations in Paragraph 227.

228.   Deny the allegations in Paragraph 228.

229.   Deny the allegations in Paragraph 229.

230.   Deny the allegations in Paragraph 230.

231.   Deny the allegations in Paragraph 231.

232.   Deny the allegations in Paragraph 232.

233.   Defendants deny all remaining allegations not otherwise expressly admitted or denied herein.

234.   Defendants specifically deny that Plaintiff is entitled to any relief, including but not limited to the relief requested in the final paragraph of the Amended Complaint or in any of its lettered Paragraphs.

### FIRST DEFENSE

235.   The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

236.   Some or all of Plaintiffs' claims are barred by the applicable statutes of limitation.

### THIRD DEFENSE

237.   Plaintiffs' claims are barred to the extent they are not included in and/or are not reasonably related to Plaintiffs' original administrative charges.

## FOURTH DEFENSE

238.    Plaintiffs' claims are barred to the extent that Plaintiffs did not satisfy all jurisdictional prerequisites or conditions precedent to suit.

## FIFTH DEFENSE

239.    Defendants are not "employers" or "joint employers" of some or all Plaintiffs and, as such, cannot be deemed liable for the events alleged in the Amended Complaint.

## SIXTH DEFENSE

240.    Defendants have not violated – willfully or otherwise – Title VII, the NYHRL, or New York Labor Law §§ 740 and 741.

## SEVENTH DEFENSE

241.    Defendants have at all times exercised good faith efforts to comply with all federal, state, and local anti-discrimination and anti-retaliation laws and statutes, including, but not limited to, Title VII, the NYHRL, and New York Labor Law §§ 740 and 741.

## EIGHTH DEFENSE

242.    All the employment actions alleged in the Amended Complaint were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## NINTH DEFENSE

243.    Plaintiffs' alleged protected characteristics and/or protected activities were not a but for cause of any employment decisions with respect to Plaintiffs.

## TENTH DEFENSE

244.    Defendants are not vicariously liable for the decisions or conduct of their employees or managerial agents that were contrary to their good faith efforts to comply with all federal, state, and local anti-discrimination and anti-retaliation laws and statutes. Any such purported conduct by Defendants' employees or managerial agents, if such conduct occurred,

13231933.2 10/26/2021

took place outside the scope of such employment or agency and was not known, approved, condoned, or ratified by Defendants.

## ELEVENTH DEFENSE

245.    Defendants did not act with intent, malice, or with reckless indifference to the rights of Plaintiffs.

## TWELFTH DEFENSE

246.    Defendants did not have actual or constructive knowledge of the purported conduct alleged in the Amended Complaint. To the extent Defendants had knowledge of any such conduct, they took prompt and appropriate remedial measures.

## THIRTEENTH DEFENSE

247.    Plaintiffs unreasonably failed to utilize the complaint process set forth in Defendants' policies and, as a result, some or all of Plaintiffs' claims are barred by the *Faragher-Ellerth* defense.

## FOURTEENTH DEFENSE

248.    Plaintiffs' claims are barred or diminished to the extent that Plaintiffs failed to mitigate or minimize any damages, the existence of which is denied.

## FIFTEENTH DEFENSE

249.    Plaintiffs are not entitled to any of the relief or damages claimed including, but not limited to, liquidated and/or punitive damages.

## SIXTEENTH DEFENSE

250.    Plaintiffs are not entitled to an award of attorneys' fees or costs

## SEVENTEENTH DEFENSE

251.    Any recoverable damages, the existence of which is denied, are limited by the applicable statutory caps.

13231933.2 10/26/2021

## EIGHTEENTH DEFENSE

252.    To the extent any damages are recoverable by Plaintiffs, which Defendants specifically deny, such damages must be reduced to the extent that Plaintiffs receive payments from collateral sources.

## NINETEENTH DEFENSE

253.    Defendants did not condone or acquiesce in any conduct alleged to be a violation of New York State law.

## TWENTIETH DEFENSE

254.    Plaintiff's state law claims should be dismissed to the extent that this Court lacks supplemental jurisdiction.

## TWENTY-FIRST DEFENSE

255.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, unclean hands, waiver, and/or estoppel.


**DEFENDANTS RESERVE THE RIGHT TO ASSERT ADDITIONAL DEFENSES AS THEY MAY BECOME APPARENT DURING THE COURSE OF ANY SUBSEQUENT INVESTIGATION AND DISCOVERY.**

**WHEREFORE**, Defendants respectfully request that the Court enter an Order

dismissing the Amended Complaint in its entirety and awarding such further relief as the Court

deems just and proper.

DATED:      Buffalo, New York
              October 26, 2021

                           **BOND SCHOENECK & KING PLLC**

                           By: /s/Michael E. Hickey, Esq.
                                Michael E. Hickey, Esq.
                                Riane F. Lafferty, Esq.
                           *Attorneys for Defendants Catholic Healthy System,*
                           *Inc. and Mercy Hospital of Buffalo*
                           Avant Building − Suite 900
                           200 Delaware Avenue
                           Buffalo, New York 14202-2107
                           Tel. No.: (716) 416-7000
                           Email: mhickey@bsk.com
                                    rlafferty@bsk.com

**TO:**    The Coppola Firm
        Lisa A. Coppola
        Jennifer R. Scharf
        *Attorneys for Plaintiffs*
        3960 Harlem Road, Suite 7
        Amherst, New York 14226
        (716) 839-9700
        Email: lcoppola@coppola-firm.com
                jscharf@coppola-firm.com

        Eustace, Prezioso & Yapchanyk
        Bhavleen Sabharwal, Esq.
        *Attorneys for Defendants Metz Culinary Management, Inc.,*
        *Lisa Robert and Bilton Lands*
        55 Water Street, 28th Floor
        New York, New York 10041
        (212) 612-4299
        Bhavleen.Sabharwal@eustacelaw.com