UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KIMBERLY HAYWARD, *et al.*,

    Plaintiffs,

v.

CATHOLIC HEALTH SYSTEMS, *et al.*,

    Defendants.

21-CV-1033-LJV-JJM
DECISION & ORDER

On August 19, 2021, the plaintiffs, Kimberly Hayward, Justin Parker, Diane Peach, Abouyea Thornton, Jessica Whitt, and Sarah Yohn, commenced this action in New York State Supreme Court, Erie County. Docket Item 1-4. In their original complaint, the plaintiffs alleged that they were subjected to racial discrimination and retaliated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; and New York state law. *Id.*

On September 17, 2021, defendants Catholic Health Systems and Mercy Hospital of Buffalo (the "moving defendants") removed the case to this Court. Docket Item 1. A week later, those defendants moved to dismiss the original complaint. Docket Item 3. On October 7, 2021, the plaintiffs filed an amended complaint. Docket Item 8. The next day, the plaintiffs responded to the motion to dismiss, asserting that the amended complaint rendered the pending motion moot and arguing that, in any event, they stated valid claims in the amended complaint. *See* Docket Item 9. The

moving defendants then replied and later answered the amended complaint.  *See* Docket Item 12; Docket Item 18.

"It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).  That "rule does not, however, dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended."  *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (per curiam).  Instead, "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint."  *Id.* at 303-04.

Here, the plaintiffs timely filed an amended complaint as of right.  *See* Fed. R. Civ. P. 15(a)(1)(B).  And their amended complaint includes additional allegations that respond to arguments made in the moving defendants' motion to dismiss.  *Compare, e.g.*, Docket Item 4 at 8-9 (arguing that certain plaintiffs "do not fall within [a] protected category"), *with* Docket Item 8 at ¶¶ 39-45 (alleging that those plaintiffs are "member[s] of a protected class" because of their association with Black individuals).  For their part, the moving defendants have answered the amended complaint instead of addressing the effect of the amended complaint on their pending motion.  *See* Docket Item 18; *see also* Docket Item 12 (maintaining only that "[n]othing in [the p]laintiffs' opposition to the dismissal motion overcomes the pleading deficiencies with respect to the *original* [c]omplaint." (emphasis added)).

Under the circumstances, it would be inefficient for the Court to "evaluat[e] the motion in light of the facts alleged in the amended complaint." *See Pettaway*, 955 F.3d at 304. This Court therefore declines to consider the moving defendants' motion to dismiss the original complaint and "finds[] . . . that the filing of the amended complaint moots the motion." *McIntyre v. City of Rochester*, 228 F. Supp. 3d 241, 242 (W.D.N.Y. 2017).

## **CONCLUSION**

In light of the above, defendants Catholic Health Systems' and Mercy Hospital of Buffalo's motion to dismiss, Docket Item 3, is DENIED as moot.

SO ORDERED.

Dated:   January 13, 2022
        Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE